UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

                                        :
JUVENTINO SEGUNDO ANSELMO,              :
                                        :
                        Plaintiff,      :
                                        :
            -v-                         :
                                        :
HOME DEPOT U.S.A., INC., *et al*,       :
                                        :
                        Defendants.     :
                                        :
--------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/15/2026

1:26-cv-3939-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On May 12, 2026, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000.  Dkt. No. 1.

On May 13, 2026, the Court concluded that Defendants had not provided necessary detail to satisfy their burden of showing that the Court had subject matter jurisdiction over the parties' dispute.  Dkt. No. 5.  In particular, the Court highlighted that the notice of removal did not include any information on the membership of Defendant Home Depot Management Company LLC, which the Court understands is a limited liability corporation.  *Id.*  Accordingly, the Court ordered Defendants to show cause why this case should not be remanded.  *Id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

On May 15, 2026, Defendants filed an affidavit from counsel in response to the Court's order to show cause.  Dkt. No. 8.  That response identified the citizenship of "Home Depot U.S.A.,

Inc." and "Home Depot Management Company, Inc."  *Id.* ¶ 9.[1]  The latter entity is not a named party in this lawsuit.  Rather, the named Defendant is "Home Depot Management Company, LLC."  *See* Dkt. No. 1-1 at 2.  Counsel entered a notice of appearance on behalf of that Defendant.  Dkt. No. 6.  But in the response to the Court's order to show cause, counsel did not address the Court's principal concern with the allegations regarding the citizenship of that Defendant.  *See* Dkt. No. 8.  Therefore, Defendants have not met their burden to demonstrate that this Court has subject matter jurisdiction over the parties' dispute.  Accordingly, this case must be remanded.

The Clerk of Court is directed to close all pending motions and to remand this case to New York State Supreme Court in Bronx County without delay.

SO ORDERED.

Dated: May 15, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] Defendants also filed a Local Civil Rule 7.1 statement identifying the citizenship of "The Home Depot, Inc." and "Home Depot Management Company, Inc."  Dkt. No. 7.  The statement did not address the membership of the entity named in the pleadings—Home Depot Management Company, LLC.  That is despite counsel's representation in that filing that they represent "Home Depot Management Company, LLC" and the explicit instructions in the Form Rule 7.1 statement that "the citizenship of an L.L.C. is the citizenship of each of its members."  *Id.*